IN THE SUPREME COURT OF TEXAS






IN THE SUPREME COURT OF TEXAS
 
 
════════════
No. 02-0381
════════════
 
F.F.P. Operating Partners, 
L.P., D/B/A Mr. Cut Rate #602,Petitioner,
 
v.
 
Xavier Duenez and Wife, Irene 
Duenez, as Next Friends of Carlos Duenez and Pablo Duenez, Minors, 
Respondents
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Thirteenth District of 
Texas
════════════════════════════════════════════════════
 
Argued November 
30, 2005
 
 
Justice O’Neill, dissenting.
The 
proportionate-responsibility statute directs its application to all tort-based 
causes of action. Tex. Civ. Prac. & 
Rem. Code § 33.002. At the same time, the Dram Shop Act directs that 
alcohol providers who serve customers so obviously intoxicated that they present 
a clear danger to themselves and others are liable “for the actions of their 
[intoxicated] customers . . . .” Tex. 
Alco. Bev. Code § 2.03.[1] Over two years ago, this 
Court issued an opinion giving effect to both statutes; when a customer who has 
been served in violation of the Dram Shop Act injures an innocent third party, 
the intoxicated customer’s percentage of responsibility must be apportioned so 
that the provider may seek reimbursement from the customer, but the innocent 
third party may recover from the provider “for the actions of [its] customer[].” 
Tex. Alco. Bev. Code § 2.03. 
Unlike today’s decision, our holding honored both the statutory-apportionment 
directive and the Dram Shop Act’s derivative-liability component. Rather than 
reiterate the original opinion’s exhaustive analysis here, I attach the Court’s 
decision as an appendix to this dissent. A few additional points, though, are 
worthy of note.
First, 
between the time the Court issued its original decision in this case and the 
date rehearing was granted, more than seven months passed and three members of 
the former majority left the Court. F.F.P.’s motion for rehearing raised no new 
issues; every point was thoroughly considered by the Court in its prior 
decision. While F.F.P.’s motion for rehearing was pending, the Legislature 
convened without taking any action to alter this Court’s original 
interpretation. Nevertheless, the Court withdrew the prior opinion, reached the 
opposite result, and accomplished judicially what the Legislature itself 
declined to do.
More 
substantively, while the Court parrots the statutory construction rule favoring 
interpretations that harmonize different statutes, it makes no effort whatsoever 
to reconcile the Dram Shop Act’s specific language with the more general 
proportionate-responsibility statute, giving effect only to the latter. The 
Court reasons that holding the dram shop liable for the actions of its 
intoxicated customer could, in some cases, impose joint and several liability on 
the dram shop if the jury found it less than fifty-one percent responsible, 
which would be contrary to Chapter 33’s provisions. See ___ S.W.3d at ___ 
(citing Tex. Civ. Prac. & Rem. 
Code § 33.013(a), (b)(1)). I believe this is precisely what the 
Legislature intended if a provider serves alcohol in violation of the Dram Shop 
Act. To avoid this potential result, the Court simply ignores the Dram Shop 
Act’s derivative-liability component, i.e., the provider’s liability “for 
the actions of [its] customers.” Tex. 
Alco. Bev. Code § 2.03. By ignoring the very language that imbues the 
Dram Shop Act with deterrent effect, the Court undermines the legislative policy 
underlying the entire Alcoholic Beverage Code, which is to “protect[ ] the 
welfare, health, peace, temperance, and safety of the people of the state,” and 
to “liberally construe [the Code] to accomplish this purpose.” Tex. Alco. Bev. Code § 1.03. The Dram 
Shop Act’s derivative-liability component, designed to deter providers from 
selling alcohol to obviously intoxicated and clearly dangerous persons, can and 
should be reconciled with the proportionate-responsibility statute rather than 
selectively ignored.
To support 
its selective view, the Court today finds arguments convincing that the prior 
Court did not. Specifically, the Court interprets section 2.03 of the Dram Shop 
Act to signal nothing more than the exclusivity of the statutory remedy, 
marginalizing the specific language used. But as the prior Court noted:
 
[i]f that 
had been the statutory purpose, [the statute] would have simply said:
The 
liability of providers under this chapter is in lieu of common law or other 
statutory law warranties and duties of providers of alcoholic beverages.
 
Instead, 
section 2.03 clearly says:
 
[t]he 
liability of providers under this chapter for the actions of their customers, 
members, or guests who are or become intoxicated is in lieu of common law or 
other statutory law warranties and duties of providers of alcoholic 
beverages.
 
Tex. Alco. Bev. Code § 2.03 (emphasis 
added).
 
___ S.W.3d 
___. The Court today also picks up the prior dissents’ refrain that the 
Legislature specifically carved out exceptions to the 
proportionate-responsibility scheme for a number of criminal acts, like the 
manufacture of methamphetamine, yet did not make exceptions for alcohol 
providers. But the Dram Shop Act, with its express derivative-liability 
component, came out of the same legislative session that enacted comparative 
responsibility; being by its own terms a limited exception to comparative 
responsibility, there was no need to create a separate one. Act of June 1, 1987, 
70th Leg., R.S., ch. 303, § 3, 1987 Tex. Gen. Laws 1673, 1674 (amended 2003) 
(current version at Tex. Alco. Bev. 
Code § 2.03); Act of June 3, 1987, 70th Leg., 1st C.S., ch. 2, § 2.06, 
1987 Tex. Gen. Laws 37, 41 (amended 2003) (current version at Tex. Civ. Prac. & Rem. Code 
§ 33.003).
In sum, the 
disagreement in this case is, and has always been, over what the Legislature 
meant in the Dram Shop Act when it referred to “the liability of providers 
under this chapter for the actions of their customers . . . who are or become 
intoxicated.” Tex. Alco. Bev. 
Code § 2.03. Over two years ago, the Court considered this language 
significant and straightforward, and afforded the Legislature deference in 
choosing it. F.F.P. raised no new arguments on rehearing, and the Legislature 
proposed no new legislation in light of our prior interpretation. Today the 
Court usurps the legislative function and dilutes the deterrent protections the 
Dram Shop Act was designed to afford. For the reasons expressed in the original 
Court’s opinion, I would affirm the court of appeals’ judgment.
 
__________________________________________
Harriet 
O’Neill
Justice
 
OPINION DELIVERED: May 11, 
2007




[1] The Dram Shop Act has since been amended in a manner 
that does not affect my analysis. All citations in this dissent refer to the 
version applicable to the present case. Act of June 1, 1987, 70th Leg., R.S., 
ch. 303, § 3, 1987 Tex. Gen. Laws 1673, 1674 (amended 2003) (current version at 
Tex. Alco. Bev. Code § 
2.03).